| | | |
|---|---|---|
| **O'BRIAN LYNCH**<br>1600 Riverwalk Place<br>Frederick, MD 21701 | *<br><br>* | IN THE<br><br>CIRCUIT COURT |
| Plaintiff | * | OF MARYLAND |
| v. | * | FOR |
| **TACO BELL OF AMERICA, LLC, d/b/a**<br>**TACO BELL, c/o YUM! BRANDS, INC.**<br>6602 Reisterstown Road<br>Baltimore, MD 21215 | *<br><br>* | BALTIMORE CITY<br>C-24-CV-25-002807<br>Case No.: _____ |
| | * | |
| SERVE ON: Resident Agent<br>The Corporation Trust, Incorporated<br>2405 York Road, Suite 201<br>Timonium, Maryland 21093 | *<br><br>* | |
| Defendant | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

Plaintiff, O'Brian Lynch, by and through his attorneys, sue Defendant Taco Bell of America, LLC, and for reasons, state:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff O'Brian Lynch is a resident of Frederick County, Maryland.

2. Defendant Taco Bell of America, LLC, d/b/a Taco Bell, c/o Yum! Brands (hereinafter "Taco Bell") is a corporation with its principal place of business in Lexington, Kentucky, and upon information and belief, is in the business of owning and/or managing Taco Bell locations in Maryland.

3. This cause of action arises from an incident at Taco Bell's place of business located in Baltimore City, Maryland.

Exhibit 3

4. Pursuant to Maryland Code, Ann., Courts and Judicial Proceedings § 6-202(8), the proper venue for this action is Baltimore City, Maryland based upon where the cause of action arose, and further under Maryland Code, Ann., Courts and Judicial Proceedings § 6-201(a).

5. This Court has jurisdiction over the Defendant pursuant to Maryland Code, Ann., Courts and Judicial Proceedings §§ 6-103(b)(1), (2), and (3), and § 6-102(a).

6. The amount in controversy in this action exceeds the concurrent jurisdiction of the District of Maryland.

## FACTS

7. At the time of the event, which is the subject of this action, Defendant Taco Bell owned, managed, maintained, possessed, and/or operated or controlled the premises and business thereupon known as Taco Bell, located at 6602 Reisterstown Road, Baltimore, Maryland 21215.

8. Upon information and belief, at the time of the event, which is the subject of this action, Defendant Taco Bell held Dayquan Harding (hereinafter "Mr. Harding") out as their employee, servant, and/or agent.

9. On or about August 8, 2022, Plaintiff and his ten-year-old son were business invitees at the Taco Bell at 6602 Reisterstown Road in Baltimore, Maryland. Upon arrival at Taco Bell, Plaintiff went in the drive-through and placed an order for two (2) chicken tacos.

10. Immediately after receiving his order from the drive-through window, Plaintiff proceeded to park his vehicle in the adjacent KFC parking lot to verify that his order was correct. Upon review, Plaintiff noticed that his order was wrong and he had received one (1) chicken taco and one (1) beef taco.

11. Shortly thereafter, due to the fact that Plaintiff does not eat red meat (e.g. beef), Plaintiff exited his vehicle and walked back to the Taco Bell to advise the employees that his order

was incorrect. Upon presenting this information to the Taco Bell employees, one employee disputed his claim and another requested an additional sixty cents to cover the larger price of the chicken taco compared to the beef taco. Immediately thereafter, Plaintiff obliged, paid the additional amount, and waited in the store for his correct order.

12. While waiting for his order with his arms crossed, a Taco Bell employee, Mr. Harding, approached Plaintiff near the counter and began to verbally accost him by stating things such as, but not limited to, "you are standing there with your arms folded like a real motherf**king tough guy[,]" "you a real tough guy huh[,]" and "I am going to see if you are a real motherf**king tough guy[.]"

13. Shortly thereafter, Plaintiff received his corrected order, exited the store, and went to his vehicle. Subsequently, while Plaintiff was in his vehicle with his ten-year-old son with the window cracked, he was approached by Mr. Harding who brandished a firearm at him and continued to verbally accost Plaintiff by stating things such as "you think you're real tough now." Upon information and belief, Mr. Harding was accompanied by another Taco Bell employee, Ms. Alexis Ashley (hereinafter "Ms. Ashley"), outside and she attempted to lower Mr. Harding's arm that was holding the firearm.

14. Immediately thereafter, Plaintiff drove about one-half mile away from the Taco Bell and called the police. Upon their arrival at the scene, Plaintiff told the officers that, when Mr. Harding brandished the firearm at him, he saw the barrel of the firearm and it was covered in a plastic bag.

15. After their investigation concluded, the police arrested both Mr. Harding and Ms. Ashley. The responding officers arrested Ms. Ashley for hindering because she was interfering

with the investigation, being uncooperative, and refusing to give the vehicle keys to the police to retrieve the firearm at issue.

16. On or about August 9, 2022, Mr. Harding was charged with first degree assault (Criminal Justice Information System (hereinafter "CJIS") code 1-1420), unlawful use of firearm in commission of a felony or crime of violence (CJIS code 1-5299), and possession of a regulated firearm after having been convicted of a crime of violence or select drug crimes (CJIS code 1-1609). Ultimately, on or about June 1, 2023, Mr. Harding entered a guilty plea with respect to all of the above-mentioned charges.

17. As a direct and proximate result of this incident caused by Defendant Taco Bell's negligence, Plaintiff was severely injured. This incident facilitated Plaintiff to seek medical attention for his mental health after struggling for approximately one week following this incident, return for help to the same facility on or about December 2022, and present to Sara Reich, LCSW-C (hereinafter "Ms. Reich") for evaluation on or about February 2022 which led to a diagnosis of adjustment disorder with anxiety. As of June 2023, Plaintiff had completed thirteen (13) psychotherapy sessions targeting repetitive traumatic thoughts of the incident, among other things, and continues to attend weekly psychotherapy with Ms. Reich.

18. Plaintiff continues to suffer from this injury which has an element of permanent difficulty that decreases his quality of life.

## COUNT I

**(Negligent Hiring and Retention – Plaintiff v. Defendant Taco Bell)**

19. Plaintiff O'Brian Lynch hereby reasserts and incorporates by reference paragraphs 1 through 18 as if fully set forth herein.

20.     Defendant Taco Bell, as an employer of persons regularly coming into contact with the public, had a duty to use reasonable care to select employees who were competent and fit to perform the duties of interacting with customers, refraining from threatening and assaulting customers, and other unspecified duties performed by said employees at fast food restaurants, and to only retain such employees if they were competent and fit to perform their duties.

21.     When Defendant Taco Bell hired Mr. Harding, Defendant knew or had reason to know that he had a violent and lengthy criminal history dating back to on or about October 13, 2014, was combative and pugnacious, and was ill-suited for a position involving regular contact with members of the public.

22.     Defendant Taco Bell breached their duty to use reasonable care in the hiring and retention of employees, specifically Mr. Harding, by, including, but not limited to:

    (a) by hiring and retaining Mr. Harding despite knowing or having reason to know that he had a violent and lengthy criminal history dating back to on or about October 13, 2014;

    (b) by hiring and retaining Mr. Harding, who was neither competent nor fit to interact with customers;

    (c) by hiring and retaining Mr. Harding, who was neither competent nor fit to refrain from threatening and assaulting customers;

    (d) by hiring and retaining Mr. Harding, who was neither competent nor fit to perform other duties performed by employees at fast food restaurants; and

    (e) by failing to properly train and educate Mr. Harding on the proper way to interact with the public in their restaurant;

23. Defendant Taco Bell's negligent hiring and retention of this incompetent and unfit employee, Mr. Harding, posed an unreasonable risk to the public and to Plaintiff herein and it was foreseeable to the Defendant that such an employee would pose such a risk.

23. As a direct and proximate result of the aforesaid negligence of Defendant Taco Bell, Plaintiff suffered and continues to suffer severe and permanent injury in the form of adjustment disorder with anxiety related to this traumatic incident.

WHEREFORE, Plaintiff claims more than Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages plus interest and costs against Defendant Taco Bell.

## COUNT II

**(Intentional Infliction of Emotional Distress – Plaintiff v. Defendant Taco Bell**

24. Plaintiff O'Brian Lynch hereby reasserts and incorporates by reference paragraphs 1 through 23 as if fully set forth herein.

25. The conduct of Defendant Taco Bell and its agent, servant, and/or employee, Mr. Harding, was extreme and/or outrageous and beyond the bounds of societal decency evidenced by the related arrests, guilty plea, and sequalae of the incident endured by Plaintiff.

26. The conduct of Defendant Taco Bell and its agent, servant, and/or employee, Mr. Harding, was intentional and/or reckless, as evidenced by the time lapsed between the initial verbal accosting to when Mr. Harding ultimately brandished a firearm at Plaintiff, and in deliberate disregard of a high probability that emotional distress would result to Plaintiff.

25. The conduct of Defendant Taco Bell and its agent, servant, and/or employee, Mr. Harding, was malicious and willful, as evidenced by the facts that he initiated the verbal accosting of Plaintiff, went and retrieved the firearm, and brandished the firearm at Plaintiff when he had already left the restaurant.

28.     As a direct and proximate result of the aforesaid conduct of Defendant Taco Bell and its agent, servant, and/or employee, Mr. Harding, Plaintiff suffered and continues to suffer from severe emotional distress that has led to a diagnosis of adjustment disorder with anxiety and the past and ongoing need for psychotherapy sessions to address the sequelae of this incident.

WHEREFORE, Plaintiff claims more than Seventy-Five Thousand Dollars ($75,000.00) in compensatory and punitive damages plus interest and costs against Defendant Taco Bell.

PETER ANGELOS LAW

By: */s/ Trevor E. Brown*_____
    Trevor E. Brown, Esquire (AIS #2412031043)
    tbrown@lawpga.com
    Richard P. Seitz, Esquire (AIS #0912170153)
    rseitz@lawpga.com
    One Charles Center
    100 North Charles Street, 21st Floor
    Baltimore, Maryland 21201
    Telephone: (410) 649-2000
    Facsimile: (410) 649-2150
    *Attorneys for Plaintiff O'Brian Lynch*

IN THE CIRCUIT COURT FOR Baltimore City
(City/County)

## CIVIL – NON-DOMESTIC CASE INFORMATION SHEET

### DIRECTIONS

**Plaintiff:** This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Justice of the Supreme Court of Maryland pursuant to Rule 2-111(a).
**Defendant:** You must file an Information Report as required by Rule 2-323(h).
***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

**FORM FILED BY:** ☒ PLAINTIFF ☐ DEFENDANT    **CASE NUMBER** _____ (Clerk to insert)
**CASE NAME:** O'Brian Lynch                    vs.   Taco Bell of America, LLC
                Plaintiff                                    Defendant
**PARTY'S NAME:** O'Brian Lynch    **PHONE:** _____
**PARTY'S ADDRESS:** 1600 Riverwalk Place, Frederick, MD 21701
**PARTY'S E-MAIL:** _____

**If represented by an attorney:**
**PARTY'S ATTORNEY'S NAME:** Trevor E. Brown    **PHONE:** 410-951-7152
**PARTY'S ATTORNEY'S ADDRESS:** Peter Angelos Law, 100 N. Charles St, 22nd Fl., Baltimore, MD 21201
**PARTY'S ATTORNEY'S E-MAIL:** tbrown@lawpga.com
**JURY DEMAND?** ☒ Yes ☐ No
**RELATED CASE PENDING?** ☐ Yes ☒ No   If yes, Case #(s), if known: _____
**ANTICIPATED LENGTH OF TRIAL?:** ____ hours  2 days

### PLEADING TYPE
**New Case:** ☐ Original          ☐ Administrative Appeal     ☐ Appeal
**Existing Case:** ☐ Post-Judgment   ☐ Amendment
*If filing in an existing case,* skip Case Category/ Subcategory section – go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (Check one box.)

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint – DOB of Youngest Plt: ____
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☐ Motor Tort
☒ Negligence
☐ Nuisance
☐ Premises Liability
☐ Product Liability
☐ Specific Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☐ Breach
☐ Business and Commercial
☐ Confessed Judgment (Cont'd)
☐ Construction
☐ Debt
☐ Fraud

☐ Government
☐ Insurance
☐ Product Liability

**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Foreclosure
  ☐ Commercial
  ☐ Residential
  ☐ Currency or Vehicle
  ☐ Deed of Trust
  ☐ Land Installments
  ☐ Lien
  ☐ Mortgage
  ☐ Right of Redemption
  ☐ Statement Condo
☐ Forfeiture of Property / Personal Item
☐ Fraudulent Conveyance
☐ Landlord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Worker's Compensation
☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐ Assumption of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance

☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. – Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

**EQUITY**
☐ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus

**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☐ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

CC-DCM-002 (Rev. 12/2022)                          Page 1 of 3

C-24-CV-25-002807

| IF NEW OR EXISTING CASE: RELIEF (Check All that Apply) |||||
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☐ Judgment-Default | ☐ Reinstatement of Employment |
| ☐ Administrative Action | ☐ Enrollment | ☐ Judgment-Interest | ☐ Return of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☐ Judgment-Summary | ☐ Sale of Property |
| ☐ Arbitration | ☐ Financial Exploitation | ☒ Liability | ☐ Specific Performance |
| ☐ Asset Determination | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Attachment b/f Judgment | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Cease & Desist Order | ☐ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Condemn Bldg | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Contempt | ☐ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☒ Court Costs/Fees | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus |
| ☒ Damages-Compensatory | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☐ Damages-Punitive | ☐ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |

*If you indicated **Liability** above,* mark one of the following. This information is not an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.   ☐ Liability is not conceded, but is not seriously in dispute.   ☒ Liability is seriously in dispute.

| MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs) |
|---|
| ☐ Under $10,000     ☐ $10,000 - $30,000     ☐ $30,000 - $100,000     ☒ Over $100,000 |
| ☒ Medical Bills $ TBD <$20K     ☒ Wage Loss $ TBD     ☐ Property Damages $ _____ |
| **ALTERNATIVE DISPUTE RESOLUTION INFORMATION** |
| Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply) |
| A. Mediation        ☒ Yes ☐ No           C. Settlement Conference    ☒ Yes ☐ No |
| B. Arbitration      ☐ Yes ☐ No           D. Neutral Evaluation       ☐ Yes ☒ No |
| **SPECIAL REQUIREMENTS** |
| ☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041** |
| ☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049** |
| **ESTIMATED LENGTH OF TRIAL** |
| With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL.** |
| *(Case will be tracked accordingly)* |
| ☐ 1/2 day of trial or less       ☐ 3 days of trial time |
| ☐ 1 day of trial time            ☐ More than 3 days of trial time |
| ☐ 2 days of trial time |
| **BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM** |
| *For all jurisdictions,* if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below. |
| ☐ **Expedited** - Trial within 7 months of Defendant's response       ☐ **Standard** - Trial within 18 months of Defendant's response |
| EMERGENCY RELIEF REQUESTED |

C-24-CV-25-002807

| COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR) | |
|---|---|
| *FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.* | |
| ☐ **Expedited** - Trial within 7 months of Defendant's response | ☐ **Standard** - Trial within 18 months of Defendant's response |

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

| CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE) | |
|---|---|
| ☐ Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ Civil-Short | Trial 210 days from first answer. |
| ☒ Civil-Standard | Trial 360 days from first answer. |
| ☐ Custom | Scheduling order entered by individual judge. |
| ☐ Asbestos | Special scheduling order. |
| ☐ Lead Paint | Fill in: Birth Date of youngest plaintiff_____. |
| ☐ Tax Sale Foreclosures | Special scheduling order. |
| ☐ Mortgage Foreclosures | No scheduling order. |

| CIRCUIT COURT FOR BALTIMORE COUNTY | |
|---|---|
| ☐ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

4/8/25
Date

100 N. Charles Street, 22nd Floor
Address

Baltimore    MD    21201
City    State    Zip Code

*Signature of Attorney / Party*    2412031043
Attorney Number

Trevor E. Brown, Esq.
Printed Name